### Bowie's Administratrix *against* Foster.

1, On a writing acknowledging indebtedness to F. and promising to pay C., F. has a right of action.
2, Such writing not being under seal is a promissory Note; and in declaring on it is not necessary to aver the consideration.
3, The note sets out the character in which C. is to receive, and the purpose to which he is to apply, the money; but the declaration does not; the variance is not material.
4, Judgment vs. administratrix de bonis propriis is Error.

IN the Circuit Court of *Washington* County, *James Foster* declared in assumpsit against *John Bowie*, describing a promissory Note of defendant to him, by which defendant acknowledged himself to be indebted to him in $141 75; and thereby then and there promised to pay the same to one *Thomas Carson*. Averred that he did not pay to *Carson*; and in consideration thereof, and being so indebted afterwards, &c. promised to pay the said money in said note specified to the plaintiff *according to the tenor and effect thereof*. Breach—that defendant, though often requested, has not paid either to *Carson* or to the plaintiff. Pleas, non assumpsit—tender of the money to *Carson* and tender to plaintiff and issues. *J. Bowie* having died pending the action, suit was revived against *Sarah Bowie*, his administratrix: verdict for plaintiff on the above-mentioned pleas, and judgment against the defendant generally, not stating to be levied of the goods and chattels of her intestate, &c. On the trial, the only evidence offered by the plaintiff was a note as follows:

" Due *James Foster* one hundred and forty-one dollars
" $\frac{75}{100}$, which I promise to pay *Thomas Carson*, Sheriff of
" *Baldwin* County, to satisfy an attachment—*Joseph Bates*,
" administrator of *Thomas Bates* deceased, against said
" *Foster*—whose receipt will be good against said due bill,
" as witness my hand this 19th of *April*, 1816.

### " JOHN BOWIE."

Which was objected to by the defendant—the objection overruled, and a bill of Exceptions taken. She sued out a writ of Error to this Court.

Judge *Minor* delivered the opinion of the Court.

The first assignment is, that the declaration does not set forth any right of action in the plaintiff. The evident construction of the contract as set out is, that *Bowie* undertook and promised to *Foster*, and for his benefit, to pay to *Carson* the money he owed to *Foster*. The right of action seems to be as clearly in him as it would have been on a note to pay a debt due to him at a particular Bank or any other place. The 2d assignment is, that the declaration does not shew a sufficient consideration to support a promise. It

has been heretofore decided by this Court, that a writing, such as is described in the declaration, is to be received as evidence of the debt or duty,(a) and that it is not necessary to aver the consideration. The 5th assignment is on the bill of Exceptions. Although the declaration does not, and the note in the bill of Exceptions does, set out that the payment was to be made to *Thomas Carson*, Sheriff of *Baldwin* County, to satisfy an attachment, &c., I cannot see how setting forth this matter could have aided the party in his defence, or that the variance in the description of the instrument would present any difficulty to his barring a second recovery for the same cause of action. As to the 3d and 4th assignments—the title of the cause, as stated on the Record, shews that the judgment is against the plaintiff in Error in her representative character, and not against the intestate ; but the judgment being against her *de bonis propriis* must for that cause be reversed, and judgment correctly rendered here.

The Chief Justice having presided in the Court below, did not sit.

*Ruffin*, for plaintiff—cited, 1 Ch. Pl. 8 Mass. 103.

*Crawford* and *Hithcock*, for defendant in Error.

<div style="text-align:right">

DECEMBER, 1824.

Bowie's Admx.
v.
Foster.

(a) *Allen vs.
Dickson, ante,*
p. 119.